■ In the Matter of RALPH ORELLANES, Respondent, v BOARD OF EDUCATION et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Walter Schackman, J.), entered August 10, 1989, which granted petitioner's CPLR article 78 petition and directed his reinstatement as an elementary school principal with back pay, unanimously affirmed, without costs.

In 1981, petitioner was assigned as acting principal of Public School (P.S.) 161. Petitioner took the principal's licensing examination on February 11, 1985 and was placed on an eligible list, effective June 26, 1985. However, before licensing the persons on the eligible list, respondent Green, Chancellor of the New York City School District, decided to initiate an investigation of the examination to determine if it was discriminatory in nature. Having concluded that the examination was not discriminatory the Chancellor issued the licenses on September 4, 1985.

Petitioner continued working as an acting principal during his one-year probationary period. However, by letter dated June 25, 1986, petitioner was notified by the Community District superintendent, Luther Seabrook, that he would not be recommended for tenure ostensibly upon the ground that he had failed to submit a previously requested incident report, and petitioner was reassigned in October 1986 to P.S. 46 where he remained on a "principal's line" and continued to receive his salary as a principal.

On May 16, 1988, petitioner was officially removed from his "principal's line" and his salary was reduced to his former position as an assistant principal, which he had held some seven years earlier prior to being made an acting principal.

Petitioner instituted this article 78 proceeding on August 26, 1988, seeking, *inter alia,* reinstatement as an elementary school principal, back pay, and a declaration that he had fulfilled the applicable probationary period as measured from the date of the publication of the licensing test eligibility list.

Pursuant to Education Law § 2566 (8) the Chancellor is compelled to issue licenses to principals who have been recommended by the Board of Examiners. The Chancellor's duty to license eligible principals is purely a ministerial act. *(See, e.g., Matter of Caraballo v Community School Bd. Dist. 3,* 49 NY2d 488.) Although Chancellor Green delayed his mandated duty to issue licenses to the eligible principals in order to investigate possible discrimination in the licensing examination, such investigation did not override the licensing process dictated by the Legislature. Indeed, the Chancellor could have conducted a civil rights review prior to the publishing of the list of eligible principals or he could have conducted a postcertification review and if the postcertification review indicated a discernible measure of discrimination he could have commenced a lawsuit against the Board of Examiners, as he has done in the past. We conclude that the delay occasioned by the Chancellor's actions herein improperly lengthened the stated probationary period. Further, we do not find the purported termination letter of June 25, 1986 to be final and unequivocal *(see, e.g., Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 126), especially in light of the fact that petitioner was retained on a principal's line, and continued to receive a full salary as a principal despite his reassignment. In addition, petitioner had not been given the required notice of a hearing to review the merits of the Superintendent's denial of tenure recommendation and petitioner had been requested to testify as a "principal" in an unrelated lawsuit in

April 1988. Accordingly, we conclude that it was not until the issuance of the notice of "Reversion to Prior Appointed License", dated May 2, 1988, at the earliest, that petitioner received an unequivocal notice that respondents were not going to continue his employment on a principal's line. Consequently, petitioner's demand for reinstatement and commencement of the proceeding within four months of that notice was timely. Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Smith, JJ.